Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark P. Pifko (SBN 228412)
mpifko@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Blvd. #1600
Encino, California 91436
Telephone: (818) 839-2325

Russell W. Budd (PHV forthcoming)
rbudd@baronbudd.com
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214)521-3605
Facsimile: (214) 520-1181

Peter J. Mougey (PHV forthcoming)
pmouget@levinlaw.com
Jeff R. Gaddy (PHV forthcoming)
jgaddy@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida  32503
Telephone: (850) 435-7068
Facsimile: (850) 436-6068

*Counsel for Plaintiffs & the Proposed Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOY TAYLOR, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| PROCTER & GAMBLE COMPANY, | |
| Defendant. | Jury Trial Demanded |

/ / /

/ / /

/ / /

/ / /

/ / /

**NATURE OF THE ACTION**

1.      This is a Class Action brought on behalf of all persons who have purchased the following over-the-counter ("OTC") products manufactured by Defendant containing phenylephrine ("PE") and sold in the United States.

2.      Plaintiff pursues claims against the Defendant seeking redress for Defendant's business practices designed to mislead the public in connection with its promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Products which Defendant, during the relevant time period, promoted as containing phenylephrine ("PE") and as being effective as a nasal decongestant, when, in fact, it is not effective as a nasal decongestant.

**PARTIES**

3.      Plaintiff JOY TAYLOR is a resident of and domiciled in San Francisco, California in San Francisco County. She purchased Vicks DAYQUIL™, a product manufactured by Defendant, multiple times in 2022 and 2023 prior to September 12, 2023. She purchased the product to relieve nasal congestion associated with a cold. The product was not effective in relieving her nasal congestion.

4.      Defendant PROCTER & GAMBLE COMPANY ("P&G" or "Defendant") is an Ohio corporation with its headquarters and principal place of business at One Procter & Gamble Plaza, Cincinnati, Ohio 45202. P&G manufactures, markets, advertises, distributes, and sells Vicks name brand products and other substantially similar products containing phenylephrine and purporting to be effective as nasal decongestants.

**JURISDICTION AND VENUE**

**Jurisdiction**

5.      Defendant P&G is a corporation engaged in the manufacture, marketing, and sale of various OTC pharmaceutical products, including Vicks DAYQUIL™. P&G marketed and sold the Products to consumers in California and across the United States as an effective nasal decongestant.

6.      This Court has personal jurisdiction over Defendant P&G for reasons including but not limited to the following: Plaintiff's claims arise out of Defendant's conduct within California, including but not limited to Defendant's conduct of selling the Products to consumers throughout

CLASS ACTION COMPLAINT                                                                        2

California, including to Plaintiff, who purchased the Products in this district and whose losses were suffered here.

7.     This Court has original subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and both the named Plaintiff (California) and putative Class members (numerous states) are citizens of a state different from Defendant (Ohio).

8.     Further, this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(5)(B) because Plaintiff alleges the matter in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs and the number of members of all proposed plaintiff classes in the aggregate is greater than 100.

**Venue**

9.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.  Plaintiff purchased the Products in this district and consumed the Products in this district. Numerous other Class members also purchased the Products in this district for consumption. Defendant caused the Products to be offered for sale and sold to the public, including Plaintiff, in this district.

## SUBSTANTIVE ALLEGATIONS

### Defendant and the Ineffective OTC Products

10.     Defendant mislead the public in connection with its promotion, marketing, advertising, packaging, labeling, distribution, and/or sale of the Products which Defendant, during the relevant time period, promoted as containing phenylephrine ("PE") and being effective as a nasal decongestant, when, in fact, it is not effective as a nasal decongestant.

11.     All Products sold by Defendant P&G promoted as containing phenylephrine ("PE") (collectively the "Products") are substantially similar and were promoted as being effective as a nasal decongestant. As described below, however, all such Products are similarly not effective as a nasal decongestant. Thus, the misrepresentations of effectiveness as a nasal decongestant are substantively identical across all the Products and mislead consumers in the same way regardless of

1   which Product is purchased.

2        12.     Defendant designed, manufactured, marketed, advertised, and warranted the Products.

3        13.     In conjunction with each sale, Defendant marketed, advertised, and warranted that the

4   Products were effective as a nasal decongestant when in fact they are not.

5        14.     The Products were intended to be placed in the stream of commerce and distributed,

6   offered for sale, and sold to Plaintiff and the Class members in California and the United States and

7   consumed.

8        15.     The Products have caused Plaintiff and the Class members damages in the form of

9   economic loss from the market value of the Products at the time of purchasing to the value of

10  purchasing a product a product without PE or purchasing no product at all.

11       16.     Defendant intended to mislead and in fact misled reasonable consumers—including

12  Plaintiff and the Class—through its concealment of the PE's lack efficacy as a nasal decongestant.

13  Defendant did so with the intent to generate and increase sales of the Product, thereby increasing

14  Defendant's relative share of the OTC nasal decongestant market.

15       17.     The Products have a diminished value compared to the price they commanded when

16  purchased because neither the market nor any reasonable consumer would ignore the lack of efficacy

17  as a nasal decongestant. Plaintiff and the Class paid more for their Products than they otherwise

18  should have because of the diminished value caused by Defendant's concealment of the lack of

19  efficacy as a nasal decongestant.

20       18.     Because the existence of the Product's lack of efficacy as a nasal decongestant would

21  have been patently material to any reasonable consumer had it been disclosed, Plaintiff and the Class

22  would not have purchased the Products.

23       19.     By concealing the existence of the lack of efficacy as a nasal decongestant, Defendant

24  implicitly distorted and misrepresented the true value of the Products such that every Plaintiff and

25  Class member received a Product of different and substantially lesser value than they reasonably

26  believed they were receiving. Stated differently, Plaintiff and the Class surrendered more and

27  acquired less in their transactions than they would have if Defendant had disclosed the lack of

28  efficacy as a nasal decongestant. Accordingly, Plaintiff and the Class did not realize the benefit of the

CLASS ACTION COMPLAINT                                                                          4

bargain in purchasing the Product, and their expectations were not met.

20.     Plaintiff and the Class paid substantially more than the market value represented by the price bargained for. Plaintiff and the Class bargained on a particular market value for the Product. But because Defendant's misconduct resulted in Plaintiff and the class receiving less than they bargained for, Plaintiff and the Class effectively paid a price that was higher than that reflected in the market price that they paid.

21.     For these reasons, every Product purchased was worth less than Plaintiff and the Class paid.

22.     Through the use of misleading representations and concealment of the lack of efficacy as a nasal decongestant, Defendant commanded a price for every Product that exceeded what Plaintiff and the Class would have paid had they been fully informed.

23.     Absent the false and misleading representations, Plaintiff and the Class would only have been willing to pay less for the Products, if at all.

24.     In short, the cost of every Product would have been lower absent Defendant's misconduct.

25.     Defendant's misconduct also created and sustained increased market demand for the Product and increased Defendant's market share relative to what consumer demand and Defendant's market share would have been had it not concealed the lack of efficacy as a nasal decongestant.

26.     Plaintiff and the Class lost money as a result because they did not receive what they reasonably believed they were paying for due to Defendant's misrepresentations and concealment of the lack of efficacy as a nasal decongestant, while Defendant realized a commensurate unearned gain because it did not deliver to Plaintiff and the Class what they reasonably expected to receive in exchange for the monies they paid.

27.     Plaintiff and the Class detrimentally altered their positions and suffered damages in an amount no less than the difference in value between what they reasonably believed they were paying for and what they actually received.

28.     Defendant's business includes manufacturing, producing, distributing, or selling the Products.

29.     Defendant produced hundreds of thousands of packages of the Products for sale throughout the United States each year, a substantial proportion of which are sold or offered for sale in California.

30.     Defendant manufactured, marketed, advertised, warranted, and sold, either directly or through authorized distribution channels, the Products that lack efficacy as a nasal decongestant.

**Factual Allegations Related to Plaintiff**

31.     Plaintiff purchased the product to relieve nasal congestion associated with a cold. The product was not effective in relieving her nasal congestion.

**CLASS ACTION ALLEGATIONS**

32.     Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a proposed class defined as follows:

**The Injunctive Relief Class.** All persons in the United States who purchased, or incurred damages by using, the Products.

Plaintiff asks the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class. The Injunctive Relief Class does not seek any form of monetary relief.

Excluded from the Injunctive Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

33.     Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action on behalf of a proposed class defined as follows:

**The Monetary Relief Class.** All persons in the United States who purchased, or incurred damages by using, the Products.

Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

Excluded from the Monetary Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

34.     Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action on behalf

of a proposed subclass defined as follows:

> **The California Subclass.** All persons in California who purchased, or incurred damages by using, the Products.

> Plaintiff asks the Court to adjudicate all remedies through the Monetary Relief Class.

> Excluded from the Monetary Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

35.     Collectively, the Injunctive Relief Class, the Monetary Relief Class, and the California Subclass are the "Class."

36.     Plaintiff reserves the right to alter the Class definitions as she deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and applicable precedent allow.

37.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

38.     <u>Numerosity; Rule 23(a)(1)</u>: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands and perhaps millions of Class members geographically dispersed throughout the United States.

39.     The true size of the Class should be ascertainable, at least in part, through Defendant's business records, those of its authorized retailers, and by other traditional means.

40.     <u>Commonality Rule 23(a)(2), (b)(3)</u>: Plaintiff and the Class are united by a community of interest in obtaining appropriate remedies, including damages capable of determination on a class wide basis, potential injunctive relief injunctive relief, and, alternatively, restitution. This action involves questions of law and fact that are common to the Class that are susceptible to common answers and that predominate over any individual questions specific to any Class members. These include:

a.      whether the Products lack efficacy as a nasal decongestant

b.      whether Defendant sold the Products as a nasal decongestant

c.      whether Defendant advertised, represented, or held itself out as producing or manufacturing Products that were effective as a nasal decongestant;

d.      whether Defendant expressly warranted the Products as a nasal decongestant;

e.      whether Defendant purported to disclaim any express warranty;

f.      whether Defendant purported to disclaim any implied warranty;

g.      whether any limitation on warranty fails to meet its essential purpose;

h.      whether Defendant intended for Plaintiff, the Class members, and others to purchase the Products;

i.      whether Defendant intended or foresaw that Plaintiff, the Class members, and others would consume the products for the purposes of and as a nasal decongestant;

j.      whether Defendant's misconduct proximately caused loss, injury, or damages to the Class members;

k.      whether the Class members suffered direct losses or damages;

l.      whether the Class members suffered indirect losses or damages;

m.      whether the Class members are entitled to actual or other forms of damages and other monetary relief; and

n.      whether the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

41.    Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the predominant common questions of fact and law. Moreover, the common questions will yield common answers that will substantially advance the resolution of the case.

42.    <u>Typicality; Rule 23(a)(3)</u>: Plaintiff's claims are typical of the claims of the Class

members because Defendant injured all Class members through the uniform misconduct described herein; all Class members suffered injury due to Defendant's substantially similar Products being misrepresented as being effective for nasal decongestion; and Plaintiff seeks the same relief as the Class members.

43.     Plaintiff and the Class all received less than the full value of Class Products they believed they were purchasing based upon uniform misrepresentations/omissions. And reasonable consumers, including Plaintiff and the Class alike, would not have purchased the Class Products or paid as much had Defendant not misrepresented them as being effective as a nasal decongestant.

44.     Plaintiff and the Class all were exposed to the same or substantially similar misrepresentations and to the same omissions—namely, concealment of the lack of efficacy as a nasal decongestant. Defendant systematically misrepresented the Class Products to all prospective consumers, including Plaintiff and all Class members.

45.     Plaintiff and each Class member suffered economic damages that are calculable on a class wide basis. The claims all arise from a single course of conduct and each Class member would make similar legal and factual arguments to establish Defendant's liability were they to proceed on an individual basis.

46.     There are no defenses available that are unique to any named Plaintiff. Defendant has engaged in systematic misconduct that was deliberate and results in the same injury to all Class Members.

47.     <u>Adequacy of Representation; Rule 23(a)(4)</u>: Plaintiff is adequate Class representatives because her interests do not conflict with the interests of the Class members. Plaintiff commits to protecting the interests of the Class without exercising personal interest or otherwise acting in a manner inconsistent with the best interests of the Class generally. Furthermore, Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so.

48.     <u>Predominance:</u> The common questions of law or fact identified above are substantially similar and predominate over those questions affecting only specific members of the

Class and Subclass.

49. <u>Superiority; Rule 23(b)(3)</u>: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

      a.     The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's misconduct.

      b.     Further, it would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

      c.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendant.

      d.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

50. <u>Injunctive or Declaratory Relief; Rule 23(b)(2)</u>: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

51. <u>Particular Issues; Rule 23(c)(4)</u>: Any or all of the issues identified above are appropriate for certification pursuant to Rule 23(c)(4) because each is particular and common to the Class and the resolution of each or all would materially advance the disposition of this action and the parties' interests.

52. <u>Notice</u>: Plaintiff and her counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

CLASS ACTION COMPLAINT

## <u>CLAIMS</u>

**COUNT I: Violations of California's Consumer Legal Remedies Act (California Subclass)**

53.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

54.    Plaintiff brings this claim for violations of the California Consumer Legal Remedies Act (CLRA) against Defendant on behalf of the California Subclass.

55.    Defendants are "persons" under California Civil Code § 1761(c).

56.    Plaintiff and the California Subclass members are "consumers" under California Civil Code § 1761(d) because they purchased the Products primarily for personal, family, or household use.

57.    The purchase of the nasal decongestant Products by Plaintiff and the California Subclass constitute "transactions" within the meaning of California Civil Code § 1761(e).

58.    The nasal decongestant Products are "goods" under California Civil Code § 1761(a).

59.    Defendants' violations of the CLRA occurred repeatedly in its trade or practice—including the manufacture, distribution, marketing, and sale nasal decongestant Products.

60.    Defendant violated California Civil Code § 1770(a) by concealing, misrepresenting, and failing to disclose the nasal decongestant Products were not effective as a nasal decongestant. In particular Defendants violated:

     a.  California Civil Code § 1770(a)(5) by representing that the nasal decongestant Products had a characteristic that they did not actually have—*i.e.*, that the Products were effective as a nasal decongestant, when, in fact, they were effective as a nasal decongestant;

     b.  California Civil Code § 1770(a)(7) by representing that the nasal decongestant Products were of a particular quality, grade, or standard when, in fact, they were not of that quality, grade, or standard;

     c.  California Civil Code § 1770(a)(9) by concealing and failing to disclose that the nasal decongestant Products were not suitable for their intended use despite advertising them as suitable for the intended function as a nasal decongestant; and

d. California Civil Code § 1770(a)(16) by failing to market, distribute, and sell, the nasal decongestant Products in accordance with Defendants' previous representations—*i.e.*, that the nasal decongestant Products were suitable for their intended use, when, in fact, they were not suitable or effective as a nasal decongestant.

61. Defendant had a duty to disclose the existence, nature, and extent of the Products' lack of efficacy as nasal decongestants (which they breached, as alleged above), because:

a. Defendant was in a superior position to know the true facts about the nasal decongestant Products given its experience and knowledge as experts and long-time veterans of the OTC medication industry; and

b. Plaintiff and the California Subclass could not reasonably have been expected to know, learn, or discover the Products' lack of effectiveness as a nasal decongestant;

c. Defendant knew that Plaintiff and the California Subclass could not reasonably have been expected to know, learn, or discover the Products' lack of effectiveness as a nasal decongestant.

62. Defendant has engaged in deceptive, misleading, unfair, unconscionable, and fraudulent acts and practices that have caused actual damages to Plaintiff and the California Subclass, as described herein.

63. Defendants' intentional concealment of Products' lack of effectiveness as a nasal decongestant and its false, deceptive, misleading, and confusing representations and omissions would be material to any ordinary, average, and reasonable consumer's decision whether to buy a the Products, given that the Products' lack of effectiveness as a nasal decongestant is one of the most fundamental and important feature of the Products. No reasonable consumer, including Plaintiffs, would have purchased the nasal decongestant Products but for Defendants' acts, practices and omissions, as described throughout this Complaint.

64. Any ordinary, average, objectively reasonable consumer acting reasonably in the circumstances would have been deceived by Defendants' acts and practices, including the misrepresentations and omissions described herein.

65. As a direct and proximate result of Defendants' deceptive practices, Plaintiffs and the Class have sustained economic injury and loss—either by purchasing a nasal decongestant Product they otherwise would not have purchased or paying more than they otherwise would have as a result of Defendants' actions and omissions alleged above—that first occurred at the time each Product was purchased.

66. Accordingly, Plaintiff and the California Subclass demand the applicable damages and other relief sought in the Prayer for Relief below.

67. Defendant deliberately, maliciously, wantonly, and intentionally concealed the Products' lack of effectiveness as a nasal decongestant from the class members so as to increase its own profits—despite knowing that doing so would harm those purchasing the Products. This misconduct warrants and requires the imposition of punitive damages to prevent Defendant from engaging in this same misconduct again, and to deter other individuals and businesses from engaging in the same or similar course of action. Plaintiff does not yet seek such damages, but will amend to do so at the appropriate time.

68. Defendant has engaged in deceptive, misleading, unfair, unconscionable, and fraudulent acts and practices that are a direct and proximate cause of actual harm to Plaintiff and the Class, as described herein.

69. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

70. Defendant's intentional concealment of the Products' lack of effectiveness as a nasal decongestant and its false, deceptive, misleading, and confusing representations and omissions would be material to any ordinary, average, and reasonable consumer's decision whether to buy a nasal decongestant Product, given that the Products' lack of effectiveness as a nasal decongestant pertains to the most fundamental and important feature of an nasal decongestant Product. No

reasonable consumer, including Plaintiff, would have purchased a nasal decongestant Product, but for Defendant's acts, practices and omissions, as described throughout this Complaint.

71.     Any ordinary, average, objectively reasonable consumer acting reasonably in the circumstances would have been deceived by Defendant's acts and practices, including the misrepresentations and omissions described herein.

72.     As a direct and proximate result of Defendants' deceptive practices, Plaintiff and the Subclass have sustained economic injury and loss that first occurred at the time each nasal decongestant Product was purchased. Plaintiff does not yet seek monetary damages, but will amend to do so at the appropriate time.

73.     As a result of Defendant's omissions and misrepresentations, Plaintiff and the Subclass: (1) suffered an ascertainable loss of money, property, and value of the nasal decongestant Products; and (2) were harmed and suffered actual damages because the nasal decongestant products are not effective as a nasal decongestant. Plaintiff does not yet seek such damages, but will amend to do so at the appropriate time.

74.     Due to Defendant's original and continuing misconduct alleged above, Plaintiff and the Subclass are entitled to injunctive, declaratory, and equitable relief, including an order, judgment, and other judicial action, decision, or proclamation:

        a.   Declaring that the nasal decongestant Products are not effective as a nasal decongestant;

        b.   Declaring that Defendant's conduct violated the CLRA;

        c.   Declaring that Plaintiff and the Subclass are entitled to reimbursement or restitution for money spent on the nasal Decongestant products; and

        d.   Enjoining Defendant from continuing to violate the CLRA.

75.     Plaintiff sent notice to Defendants pursuant to Cal. Civ. Code § 1782(a), but the 30-day response period has not elapsed; thus Plaintiff seeks no damages pursuant to this Count, but will amend this Complaint at the appropriate time to claim damages.

76.     Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief— including injunctive relief requiring Defendant to cease and desist from further misrepresenting the Products as

described herein—reasonable attorney's fees and costs, and any further injunctive or equitable relief the Court deems proper.

77.    If Defendant fails to respond to Plaintiff's letter, fail to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, Plaintiff reserves the right to amend the Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

78.    Plaintiff, individually and on behalf of the Class and California Subclass, currently seek injunctive, restitution and attorneys' fees and costs, and reserve the right to amend to seek damages, including punitive damages, pursuant to Cal Civ. Code § 1780, et seq.

**COUNT II:  Violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq*.) (California Subclass)**

79.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

80.    Plaintiff brings this count under California law, individually and on behalf of the other members of the California Subclass against Defendant.

81.    California's Unfair Competition Law ("UCL") prohibits "unfair business competition," including any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

82.    Defendant committed an unlawful business act or practice in violation of §17200 by violating the California CLRA, and other laws alleged herein.

83.    Defendants committed fraudulent acts or practices in violation of §17200. Specifically, as alleged in detail above:

a.   by representing that the nasal decongestant Products had a characteristic that they did not actually have—*i.e.*, that the Products were effective as a nasal decongestant, when, in fact, they were effective as a nasal decongestant;

b.   by representing that the nasal decongestant Products were of a particular quality, grade, or standard when, in fact, they were not of that quality, grade, or standard;

c.  by concealing and failing to disclose that the nasal decongestant Products were not suitable for their intended use despite advertising them as suitable for the intended function as a nasal decongestant; and

d.  by failing to market, distribute, and sell, the nasal decongestant Products in accordance with Defendants' previous representations—*i.e.*, that the nasal decongestant Products were suitable for their intended use, when, in fact, they were not suitable or effective as a nasal decongestant.

84.  Defendant's unfair or deceptive acts or practices were designed to mislead and had a tendency or capacity to mislead and create a false impression in consumers that the Products were effective as nasal decongestants. Indeed, those misrepresentations, concealments, omissions, and suppressions of material facts did in fact deceive reasonable consumers, including Plaintiff and the California Subclass, about the true efficacy of the Products.

85.  Defendant's misrepresentations, concealments, omissions, and suppressions of material facts regarding the Products and true characteristics of the Products were material to the decisions of Plaintiff and the California Subclass to purchase those Products, as Defendant intended. Plaintiff and the California Subclass were exposed to those misrepresentations, concealments, omissions, and suppressions of material facts, and relied on Defendant's misrepresentations that the Products were effective and reliable in deciding to purchase and the Products.

86.  Plaintiff's and the California Subclass's reliance was reasonable, as they had no way of discerning Defendant's representations were false and misleading, or otherwise learning that the Products lacked efficacy as nasal decongestants, as alleged above. Plaintiff and the California Subclass did not, and could not, unravel Defendant's deception on their own.

87.  Had they known the truth about the efficacy of the Products, Plaintiffs and the California Subclass would not have purchased the Products, or would have paid significantly less for them.

88.     Additionally, Defendant committed unfair business acts and practices in violation of § 17200 when it concealed the lack of efficacy of the Products, when the Products lacked efficacy as nasal decongestants. These acts and practices offend established public policy and the harm they cause to consumers greatly outweighs any benefits associated with those practices. Defendant's conduct has also impaired competition within the OTC nasal decongestant market and has prevented Plaintiff and the California Subclass from making fully informed decisions about whether to purchase the Products and/or the price to be paid to purchase them.

89.     Plaintiff and the California Subclass suffered ascertainable losses as a direct and proximate result of Defendant's unlawful, fraudulent, and unfair business acts and practices.

90.     Defendant's acts and practices described above present a continuing risk to Plaintiff and the California Subclass, as well as to the general public, because the Products remain ineffective while continuing to be sold. Defendant's unlawful acts and practices complained of herein affect the public interest.

91.     Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff and the California Subclass seek an order enjoining Defendant's unfair and/or deceptive acts or practices, any such orders or judgments as may be necessary to restore to them any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code §§ 17203, and any other just and proper relief available under the California UCL.

92.     Plaintiff pleads this claim separately as well as in the alternative to their claims for damages under Fed. R. Civ. P. 8(a)(3), because if the Court dismisses Plaintiff's claims for damages or enters judgment on her in favor of Defendant, Plaintiff will have no adequate legal remedy.

### COUNT III:  Fraud by Omission and Concealment.

93.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

94.     Plaintiff brings this count under California law, individually and on behalf of the other members of the California Subclass against Defendant.

95.     Defendant is liable for both fraudulent concealment and non-disclosure. *See, e.g.*, Restatement (Second) of Torts §§ 550-51 (1977).

96.     Defendant owed Plaintiff and the California Subclass a duty to disclose all the material facts concerning the lack of efficacy of the Products as nasal decongestants because:

    a.   Defendant was in a superior position to know the true facts about the nasal decongestant Products given its experience and knowledge as experts and long-time veterans of the OTC medication industry; and

    b.   Plaintiff and the California Subclass could not reasonably have been expected to know, learn, or discover the Products' lack of effectiveness as a nasal decongestant;

    c.   Defendant knew that Plaintiff and the California Subclass could not reasonably have been expected to know, learn, or discover the Products' lack of effectiveness as a nasal decongestant.

97.     In breach of their duties, Defendant failed to disclose the Products' lack of efficacy as nasal decongestants.

98.     The efficacy of the Products as nasal decongestants is material to the sale of the Products because a reasonable person would find it important in purchasing and because it directly impacts the value of the Products purchased by Plaintiff and the California Subclass.

99.     Defendant intended for Plaintiff and the California Subclass to rely on its omissions and concealment—which they did by purchasing the Products at the prices they paid believing that those Products did not lack efficacy that would affect the quality and reliability of the Products.

100.    Plaintiff's and the California Subclass's reliance was reasonable because a reasonable consumer would not have expected that the Products lacked efficacy as nasal decongestants. They had no way of learning the facts that Defendant had concealed or failed to disclose. Plaintiff and the California Subclass did not, and could not, unravel Defendant's deception on their own.

101.    Defendant actively concealed and suppressed these material facts, in whole or in part, to maintain a market for the Products, to protect profits, and to avoid harm to the commercial reputation of Defendant and its Products. Defendant did so at the expense of Plaintiff and the California Subclass.

102.    If Defendant had fully and adequately disclosed the lack of efficacy of the Products as nasal decongestants to consumers, Plaintiff and the California Subclass would have seen such a disclosure.

103.    Through its omissions and concealment with respect to the efficacy of the Products as nasal decongestants, Defendant intended to induce, and did induce, Plaintiff and the California Subclass to either purchase Products that they otherwise would not have purchased, or pay more for Products than they otherwise would have paid.

104.    Had Plaintiff and the California Subclass known of the Products lacked efficacy as nasal decongestants, they would not have purchased the Products or would have paid less for them.

105.    As a direct and proximate result of Defendant's omissions and concealment, Plaintiff and the California Subclass either overpaid for the Products or would not have purchased the Products at all if their lack of efficacy as nasal decongestants had been disclosed to them. Accordingly, Defendant is liable to Plaintiff and the California Subclass for their damages in an amount to be proven at trial.

106.    Defendant acted maliciously, oppressively, deliberately, with intent to defraud; in reckless disregard of the Plaintiff's and the California Subclass's rights and well-being; and to enrich itself. Defendant's misconduct warrants an assessment of punitive damages, as permitted by law, in an amount sufficient to deter such conduct in the future, which amount shall be determined according to proof at trial.

### COUNT IV: Breach of Implied Warranty on Behalf of the Class

107.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

108.    Plaintiff brings this claim for breach of implied warranty against Defendant on behalf of the Class, all of whom were reasonably foreseeable users of the Products.

109.    Defendant manufactured, marketed, sold, and distributed the Products.

110.    At the time Defendant marketed, sold, and distributed the Products, Defendant knew of the purpose for which the Products were intended and impliedly warranted that the Products were of merchantable quality and fit for such use.

111.    Plaintiff and the Class members reasonably relied upon the skill, superior knowledge, and judgment of Defendant as to whether the Products were of merchantable quality and fit for their intended use.

112.    Plaintiff and the Class members could not have known about the Product's lack of efficacy as a nasal decongestant until after purchase and consumption.

113.    Contrary to Defendant's implied warranty, the Products were not of merchantable quality and were not fit for their intended use.

114.    As a direct and proximate result of Defendant's breach of implied warranty, Plaintiff and the Class members suffered damages as alleged herein.

115.    Therefore, Plaintiff prays for relief as set forth below.

**COUNT V: Breach of Express Warranty on Behalf of the Class**

116.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

117.    Plaintiff brings this claim for breach of express warranty against Defendant on behalf of the Class.

118.    Defendant expressly warranted to Plaintiff and the Class members that the Products were effective as a nasal decongestant when in fact they are not.

119.    The Products did not conform to these express representations because the Products are not effective as a nasal decongestant.

120.    As a direct and proximate result of Defendant's breaches of its express warranties to Plaintiff and the Class members, and as the direct and legal result of the misrepresentation of the Products as manufactured and/or supplied by Defendant, and other wrongdoing of Defendant described herein, Plaintiff and the Class members suffered damages.

121.    Therefore, Plaintiff prays for relief as set forth below.

**COUNT VI:  Unjust Enrichment On Behalf of the Class**

122.    Plaintiff incorporates by reference the allegations in the preceding paragraphs.

123.    Plaintiff brings this claim for unjust enrichment against Defendant on behalf of the Class.

124.    As a direct, proximate, and foreseeable result of Defendant's acts and otherwise wrongful conduct, Plaintiff and the Class members conferred a benefit on Defendant and consequently suffered damages. Defendant profited and benefited from the sale of the Products, even as the Products caused Plaintiff and the Class members to incur damages.

125.    Defendant voluntarily accepted and retained these profits and benefits, derived from Plaintiff and the Class members, with full knowledge and awareness that as a result of Defendant's wrongdoing, consumers including Plaintiff and the Class members were not receiving Products of the quality, nature, fitness, or value that had been represented by Defendant or that reasonable consumers expected. Plaintiff and the Class members purchased Products they expected would effective as a nasal decongestant when in fact they are not.

126.    Defendant continues to possess monies paid by Plaintiff and the Class members to which Defendant is not entitled.

127.    Under the circumstances it would be inequitable for Defendant to retain the benefits conferred upon it and Defendant's retention of these benefits violates fundamental principles of justice, equity, and good conscience.

128.    Plaintiff and the Class members hereby seek the disgorgement and restitution of Defendant' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

129.    Therefore, Plaintiff prays for relief as set forth below.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully requests the Court to enter an Order:

A.    certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.    declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.    declaring that Defendant has committed the violations of law alleged herein;

D.    providing for any and all injunctive relief the Court deems appropriate;

E.    awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

F.    providing for any and all equitable monetary relief the Court deems appropriate;

G.    awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

H.    awarding Plaintiff its reasonable costs and expenses of suit, including attorneys' fees;

I.    awarding pre- and post-judgment interest to the extent the law allows; and

J.    providing such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff, on behalf of herself, the Class, and the respective Subclasses, hereby demands a trial jury of all issues triable by right.

Date: September 25, 2023        Respectfully submitted,

By: */s/ Mark P. Pifko*
    Roland Tellis (SBN 186269)
    rtellis@baronbudd.com
    Mark P. Pifko (SBN 228412)
    mpifko@baronbudd.com
    **BARON & BUDD, P.C.**
    15910 Ventura Blvd #1600
    Encino, California 91436
    Telephone: (818) 839-2325

Russell W. Budd (*PHV forthcoming*)
rbudd@baronbudd.com
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Telephone: (214)521-3605
Facsimile: (214) 520-1181

Peter J. Mougey (*PHV forthcoming*)
pmouget@levinlaw.com
Jeff R. Gaddy (*PHV forthcoming*)
jgaddy@levinlaw.com
**LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR &
MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida  32503
Telephone: (850) 435-7068
Facsimile: (850) 436-6068

*Counsel for Plaintiff and the
Proposed Class*